**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **vs.** | : | **1:11-CR-261** |
| | : | |
| **HASSAN HASSAN,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## HASSAN'S REPLY TO THE GOVERNMENT'S OPPOSITION

COMES NOW, Hassan Hassan, and responds to the Government's opposition (hereinafter "Opp.").

1. The Government contends that this Court should deny Hassan relief because they allege that Hassan: a) was not diligent; b) has not met his burden to show that his attorney failed to advise him of immigration consequences; and c) cannot show prejudice – that if he had been informed, he would have pled not guilty. Hassan denies the Government's assertions.

2. The Government argues that Hassan should have moved to attack his conviction before sentencing, or on direct appeal or via § 2255. Opp. at 7. But that ignores the obvious allegations from Hassan – that he had no reason to attack his conviction at those earlier times. Hassan had been assured that he would not be deported and the possibility of deportation was only raised in January 2023 and then made much more urgent recently through the Government's changed and aggressive policies. Prior to that Hassan reasonably believed and relied on the Government's and his attorney's representations that he would not be deported.

3. The Government cites to the rote, general and form language in the plea agreement about immigration consequences. Opp. at 8. But again the Government ignores the context, that despite this general and ambiguous form language warning that a defendant "may" suffer immigration consequences Hassan was specifically told by the Government and his attorney that he would not be deported.

4. The Government alleges that there is "no evidence" and again "no actual evidence" that trial counsel misinformed Hassan. Opp. at 9. The Government is plainly wrong. Evidence comes in many forms, and here Hassan provided a sworn petition averring that his attorney misadvised him. This competent evidence now stands uncontradicted. Not only is it the type of evidence one would expect in this situation, the Fourth Circuit has recognized such sworn testimony as "powerful evidence."

> Our caselaw is clear, however, that "[s]elf-serving affidavits offered by the non-movant can be used as evidence to defeat summary judgment, . . . when they are based on personal knowledge or firsthand experience." *Jones v. Solomon*, 90 F.4th 198, 206-07 (4th Cir. 2024) (internal quotations marks and citations omitted). One would expect testimony submitted by a non-movant to oppose a motion for summary judgment to indeed be "self-serving." It can nevertheless be powerful evidence.

*Dieng v. Orkin*, LLC, 2026 U.S. App. LEXIS 23480, *17-18 (2026).

5. The Government argues that if properly advised, Hassan would have still pled guilty. Opp. at 10-12. But the Government ignores that Hassan was a minor participant in this vast conspiracy to sell Khat, a drug that is illegal here but both legal and culturally acceptable in East Africa and is used, sold and taxed like coffee and cigarettes, and Hassan would not have faced a significant sentence if he lost at trial. More importantly, Hassan faced deportation to Somalia, a country that is hardly a country (Somalia has been without a central government since

1991, https://2009-2017.state.gov/outofdate/bgn/somalia/47557.htm), war torn, has tremendous poverty, and is incredibly dangerous for Hassan based on his cooperation with law enforcement. Somalia has been and still is on the State Department's highest security level alert of "Do Not Travel." https://travel.state.gov/en/international-travel/travel-advisories/somalia.html. Somalia has been described in the literature as: the "most failed state, . . . a 'lawless' country, or simply a place where there is 'nothing' left . . . ."[1]

6. For these reasons and the reasons stated in Hassan's petition, Hassan requests that this Court either grant his petition or grant him an evidentiary hearing at which he can provide testimony to this Court in support of his petition.

Respectfully submitted,
Hassan Hassan,
*By Counsel*

____________/s/______________________

Jonathan P. Sheldon, VSB 66726
Sheldon & Flood, PLC
10621 Jones Street, Suite 301A
Fairfax, VA 22030
Office (703) 691-8410
Fax (703) 251-0757
JSheldon@SFHdefense.com

**CERTIFICATE OF SERVICE**

I certify that on September 1, 2026, a copy of the foregoing Motion and attached proposed Order were filed electronically with the Clerk of the Court using the CM/ECF filing system which will serve the parties to this case.

__________/s/___________
Jonathan P. Sheldon, VSB 66726

[1] https://jia.sipa.columbia.edu/news/governance-without-government-somali-territories.

Sheldon & Flood, PLC
10621 Jones Street, Suite 301A
Fairfax, VA 22030
Office (703) 691-8410
Fax (703) 251-0757
JSheldon@SFHdefense.com